UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DEANDRA HART                                                                                  PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:17CV-317-CRS

STEVEN ESTES, et al.                                                   DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court for consideration of a number of motions. There have been no responses filed to these motions.

The plaintiff, Deandra Hart, has moved for summary judgment on the sixth count of the complaint, a claim for breach of contract.[1] (DN 9). When no response was filed to the motion, she moved for entry of partial summary judgment on that claim in the amount of $7,560.00. (DN 10). The complaint alleges that the defendant, Steven Estes, hired Hart to perform clerical, administrative and advertising duties for Estes and/or Star Distributed Energy, LLC ("SDE"), and/or Star Energy Holdings, LLC ("SEH"), on a project known as 822 Renew, agreeing to pay her $1,000.00 per week. DN 1, ¶ 12. Hart allegedly worked for seven weeks, from September 16, 2016 until she was constructively discharged on November 4, 2016, performing these duties, but was not paid. DN 1, ¶¶ 12, 14, 17.

Hart propounded requests for admission to the defendants in September, 2017, requesting, in part, that defendants admit that they never paid her for work performed at the

---

[1] The plaintiff has asserted seven unnumbered claims in the complaint.

agreed-upon rate of $1,000 per week. As defendants failed to respond, the matter is deemed admitted, pursuant to Fed.R.Civ.P. 36(a)(3). Hart thus seeks $7,000.00 for seven weeks' work plus $560.00 in pre-judgment interest at the rate of 8% per annum.

As there has been no response filed to the motion, and the motion appears to be well-taken, summary judgment will be granted in favor of the plaintiff, there being no genuine issue of material fact and the plaintiff having established entitlement to judgment as a matter of law on the claim for breach of contract. Fed.R.Civ.P. 56.

Hart has also asserted claims for violation of the Fair Labor Standards Act; violation of KRS 344.040 for hostile work environment, *quid pro quo* sexual harassment, and retaliatory discharge; intentional infliction of emotional distress; and for imposition of respondeat superior liability on SDE and SEH.

There is no motion for summary judgment with respect to Hart's other claims. Instead, Hart has moved for entry of default judgment under Fed.R.Civ.P. 55(a) as a sanction for "contumacious failure to respond to discovery requests," *citing Grange Mutual Cas. Co. v. Mack*, 270 Fed.Appx. 372, 376 (6th Cir. 2008). To be clear, the contumacious conduct in *Grange Mutual* was the defendant's, not his counsel's. Mack, the defendant, personally changed the office computers despite pending litigation, refused to turn over other computers, and instructed an employee not to produce discoverable documents, among other things. *Id.* at 376. The court noted that there is a distinction to be drawn between conduct of a party and conduct of a party's counsel, stating that "although our court hesitates, but is not entirely unwilling, to approve a default judgment when any misconduct is solely the fault of the attorney, *Harmon*, 110 F.3d at 367-68, we need not hesitate here because Mack perpetrated the discovery abuse himself." *Id.*

In the case at bar, there is a recent Show Cause Order issued by the magistrate judge concerning defendants' counsel's repeated failure to appear and participate in pretrial matters, including her failure to respond to discovery. DN 16. Counsel has not responded. However, the court would be in error to enter default judgment on the remaining claims in the case as a sanction for counsel's conduct alone. In finding error in the dismissal of a plaintiff's claims under Fed.R.Civ.P. 37 for counsel's failures, the Sixth Circuit stated:

> The sanction is extremely harsh in that it deprives a plaintiff of his day in court due to the inept actions of his counsel:
>
> There was no indication that the appellant's claim was vexatious or fictitious. The admitted delay was not so long drawn out as to indicate a desire not to prosecute. *The appellant was in no way connected with or responsible for, his proctor's dilatory conduct.* While we do not condone that conduct [of the attorney], we feel that the circumstances of the case are not such that the appellant should lose his day in court.
> *Flaksa v. Little River Marine Construction Co.,* 389 F.2d 885, 889 (5th Cir.1968) (emphasis added); *see also Carter v. City of Memphis,* 636 F.2d 159 (6th Cir.1980).
>
> This court in *Carter* quoted a Yale Law Journal article which noted the other modes of discipline available against the dilatory attorney including:
>
> (1) a reprimand by the court, (2) a finding of contempt, or (3) a prohibition against practicing for a limited time before the court whose order was neglected or disregarded.
>
> It seems fairly clear that the judicious use of such measures would tend to promote attorney compliance in the first instance. *Id.* at 889, citing *Sanctions at Pre-Trial Stages,* 72 Yale L.J. 819, 830. The trial court properly imposed a $1,000 sanction against the attorney for his failure to abide by the court's orders…

*Patterson v. Grand Blanc Twp.*, 760 F.2d 686, 688–89 (6th Cir. 1985).

In the present motion, Hart mixes apples and oranges, citing Fed.R.Civ.P. 55(b), the rule on default judgment, while seeking a sanction of default judgment for "contumacious failure to respond to discovery requests," which would ordinarily be sought under Fed.R.Civ.P. 37. As the

contumacious failure which has been noted by the court is the conduct of counsel, sanction under Rule 37 is not the proper procedure.

Default judgment under Rule 55 is available to a plaintiff when the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed.R.Civ.P. 55. The court finds that the motion is premature, however, inasmuch as the Clerk has not first received a request for entry of default pursuant to Fed.R.Civ.P. 55(a). *See, Ramada Franchise Systems, Inc. v. Boroda Enterprises, LLC*, 220 F.R.D. 303 (N.D.Ohio 2004); *Lane v. Progressive Exp. Ins. Co.*, 2011 WL 2173791 (W.D.Ky. 2011); 10A Federal Practice and Procedure, 3d Ed., Wright, C., Miller, A., and Kane, M., § 2682. Entry of default is a procedural prerequisite to the court's consideration of a motion for default judgment under Rule 55(b)(2). Rule 55(a) requires that the failure to plead or otherwise defend be shown by affidavit or otherwise. Thereafter, plaintiff must comply with the requirements of Rule 55(b)(2), including that she provide written notice *to the defendant* that she is seeking default judgment. The court, in its discretion, need not hold a hearing on the motion, but may determine on the filings that default judgment on the claims is proper, and may fix damages where the plaintiff has provided sufficient documentary proof to establish the judgment amount. *See*, 10A Federal Practice and Procedure, 3d Ed., Wright, C., Miller, A., and Kane, M., § 2688 and cases cited therein. Therefore, Hart's motion for default judgment will be denied.

A separate order will be entered herein this date in accordance with this opinion.

April 20, 2018

**IT IS SO ORDERED.**

Charles R. Simpson III, Senior Judge
United States District Court